**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Frank Smith, et al.,

       Plaintiffs,

v.

Thomas Beck Robey, et al.,

       Defendants.

No. CV-25-08234-PCT-DWL

**ORDER**

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "[W]here the district court has doubts about whether diversity exists, the district court may insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand

that the party alleging jurisdiction justify its allegations by a preponderance of evidence." *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (cleaned up). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The complaint alleges that Plaintiff Frank Smith was a "resident" of Illinois, Plaintiffs Willie T. Lynch and Annette Lynch were "residents" of Georgia, and Defendants Thomas Beck Robey and Jill Robey were "residents" of Connecticut "when the events that give rise to this action arose." (Doc. 1 ¶¶ 1-3.) These allegations are inadequate. As to individual natural persons, an allegation about an individual's residence does not establish his or her citizenship for purposes of establishing diversity jurisdiction. "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59 (cleaned up).

Furthermore, the issue is not where the parties were domiciled at the time of "the events that give rise to this action" but rather where they were domiciled at the time that the complaint was filed. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action brought. This time-of-filing rule . . . measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing.") (cleaned up).[1]

---

[1] The citizenship of a dismissed party is no longer relevant. 541 U.S. at 572-73.

- 2 -

Thus, Plaintiffs must file an amended complaint that rectifies the identified deficiencies.

Accordingly,

**IT IS ORDERED** that by April 7, 2026, Plaintiffs shall file an amended complaint establishing the relevant jurisdictional facts, as described in this order.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to timely file an amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject-matter jurisdiction.

Dated this 24th day of March, 2026.

_____
Dominic W. Lanza
United States District Judge

- 3 -