**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Frank Smith, et al.,

Plaintiffs,

v.

Thomas Beck Robey, et al.,

Defendants.

No. CV-25-08234-PCT-DWL

**ORDER**

Defendants have filed an unopposed motion to release a copy of sealed state court records. (Doc. 34.) The motion states that Plaintiff was once a defendant in a state-court criminal action, "Case J-302-CM-202300128," in which the charges were ultimately dismissed and the case file was sealed. (*Id.*) Defendants assert that they "were listed as 'victims' in that action" and are therefore "entitled to a copy of the records pursuant to A.R.S. § 13-911." (*Id.*) Defendants seek an order from this Court compelling a "release of a copy of Coconino County Justice Court's (Flagstaff Precinct) file in case number J-302-CM-2023000128 . . . in its entirety to the Parties to this cause of action." (*Id.*)

Under A.R.S. § 13-911(I)(2), the clerk of the state court treats records sealed under § 13-911 "differently than a record that is sealed pursuant to any other statute or court rule" in that the clerk provides "sealed case records to an entity or person that is listed in subsection J of this section" upon request. Subsection J provides that the sealed records "shall be made available" for certain purposes and to certain persons, including to the "victim in the case if the victim has exercised victims' rights pursuant to section 13-4414."

A.R.S. § 13-911(J)(2). The records can also be made available upon request to a "court," but only "if the purpose relates to the operation of the requesting party's official duties or internal hiring practices." A.R.S. § 13-911(J)(3)(d).

The Court is not convinced that requesting sealed state-court records in order to obtain them and pass them along to a litigant in a federal-court action qualifies as relating to "the operation" of the Court's "official duties." Defendants' undeveloped motion does not cite any other authority suggesting that a federal court has the power to override a sealing order issued by a state court. Moreover, it appears that A.R.S. § 13-911(J)(2) and/or § 13-911(B)(3) may provide Defendants with a direct means of requesting the sealed records.

Accordingly,

**IT IS ORDERED** that Defendants' motion (Doc. 34) is **denied**.

Dated this 5th day of November, 2026.

Dominic W. Lanza
United States District Judge